IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAFIQ A. MAJID, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV25 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, Michael Chertoff, as Secretary of, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Emilio Gonzalez, as Director of, CAROLINE PRATT, Acting Field Office Director of the U.S. Citizenship & Immigration Services for Omaha, Nebraska, MICHELLE PERRY, Acting District Director, District 15, and UNITED STATES ATTORNEY GENERAL, Alberto Gonzales, | ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss, or in the alternative to remand, this case. Filing No. 17. Plaintiff, a citizen of Belarus and a legal permanent resident in the United States, filed this complaint against the defendants alleging that more than 120 days have elapsed since an employee of the Department of Homeland Security examined his application for naturalization and, to date, no determination has been made. Plaintiff filed for naturalization on March 12, 2004, and was examined (interviewed) under § 335, INA, 8 U.S.C. § 1446 on August 9, 2004. Plaintiff filed this action on January 17, 2007. Plaintiff moves this court to conduct a hearing on his application for naturalization pursuant to § 336(b), INA, 8 U.S.C. § 1447(b), and grant his application for naturalization, or in the alternative to compel the United States Citizenship and Immigration Service (USCIS) to adjudicate his application immediately. Defendants argue that some of these

background checks take more time than others. Defendants contend that they have completed the FBI name check and now are awaiting an updated fingerprint check before finalizing plaintiff's application.

Defendants contend the court should dismiss this action for lack of subject matter jurisdiction and because it is not ripe for resolution. Fed. R. Civ. P. 12(b)(1). Alternatively, the defendants ask this court to remand the case back so they can complete the investigation of plaintiff's qualifications. Defendants argue that the court lacks jurisdiction, since they have not finalized the naturalization examination. Defendants argue that this court has jurisdiction if they have not made a decision 120 days after the examination (meaning the entire process) is complete. Plaintiff argues the 120-day period expires after the interview.

The USCIS is charged with determining whether to deny or grant applications for naturalization. Homeland Security Act of 2003, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002). The agency is allowed reexamination if deficiencies arise during the examination. 8 C.F.R. § 335.2(b). The law clearly provides this court with the jurisdiction to hear suits to compel agency action regarding applications for naturalization if the 120-day period of time lapses. 8 U.S.C. § 1447(b). The question before the court is when does the 120-day time period expire. Plaintiff argues his personal interview triggers the 120-day time period. *See El Daour v. Chertoff*, 417 F. Supp.2d 679, 683 (W.D. Pa. 2005) (examination interpreted to be the interview), and *Khelifa v. Chetoff*, 433 F. Supp.2d 836, 841 (E.D. Mich. 2006) (same); *Abdelkhaleq v. USCIS*, 2006 U.S. Dist. LEXIS 50949 *6-10 (N.D. Ind. July 26, 2006) (same). Defendants argue the time period begins after all background checks, examinations of books and records, and fingerprint clearance are complete. *Danilov v. Aquirre*, 370 F. Supp.2d 441, 443-44 (E.D. Va. 2005) (examination is the process, not a

particular event); *Martinez v. Gonzales*, 2006 WL 3477985, *571 (E.D. Va. Nov. 20, 2006) (same); *Damra v. Chertoff*, 2006 WL 1786246, *2-3 (N.D. Ohio June 23, 2006) (examination not the initial applicant interview).  In the alternative, the defendants ask this court to remand this case to USCIS for adjudication.  *See Aslam v. Gonzales*, 2006 WL 3749905 (W.D. Wash. Dec. 19, 2006) (conducting a hearing would contravene Congressional intent that background check be finished; so court gave government 60 days to complete the check or show cause why naturalization should not take place); *Essa v. USCIS*, 2005 WL 3440827, *2  (D. Minn. 2005*)* (ordering remand).

Although the defendants rely heavily on *the Danilov* reasoning*,* the court notes that numerous jurisdictions have repudiated the *Danilov* holding.  *See Shalan v. Chertoff*, 2006 WL 3307512, *3 (D. Mass. 2006) (allowing hearing in federal court); *Saidi v. Jenifer*, 2005 WL 5179147(E.D. Mich. 2005) (retaining jurisdiction to make naturalization determination); *Essa*, 2005 WL 3440827, *2 (120 days calculated from date of interview); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 681 (W.D. Pa., 2005) (same); *Kheridden v. Chertoff* , 2007 LEXIS 13571, *8-13 (D.N.J. Feb. 27, 2007) (same); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 840 (E.D. Mich. 2006) (same); *Lifshaz v. Gonzales*, 2007 WL 1169169, *1 (W.D. Wash, April 19, 2007) (same); *Khan v. Chertoff*, 2006 WL 3749905, *1-2 (D. Ariz. 2006) (same); *Al-Kudsi v. Gonzales*, 2006 WL 752556, *3 (D. Ore. 2006) (same); *Mahd v. Chertoff*, 2007 WL 891867, *2 (D. Colo. March 22, 2007) (same); *Hussein v. Gonzales*, 474 F. Supp. 2d 1265, 1267 (M.D. Fla. 2007) (same).

The court is very concerned with the length of time that has lapsed between the application, interview, and the filing of the case in this court.  While the court understands and supports the need for adequate background checks, it cannot permit the process to

3

deny an applicant his or her rights to a decision in a reasonable period of time. *See Nagem v. United States*, 480 F. Supp.2d 877 (N.D. Tex. 2007) (court would not remand but would determine the application for naturalization where delay excessive). In this case the delay is nearly three years long. The government has not offered a single reason to justify the delay. However, the court does not believe that it is in the best position to make an informed judgment on the appropriateness of this application. Accordingly, the court will remand the case to USCIS to finalize the collection of the background check, which apparently consists only of the final check on fingerprints. *See Manzoor v. Chertoff*, 472 F. Supp.2d 801 (E.D. Va. Feb. 5 2007) (remand appropriate); *Immigration and Naturalization Service v. Venture*, 537 U.S. 12, 16-17 (2002) (same). The Eastern District of Missouri recently stated:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. **Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter**.

(Emphasis added.) *Hamzehzadeh v. Chertoff*, 2007 WL 1629895, *2 (E.D. Mo. 2007). The Missouri court remanded the case for a determination as expeditiously as possible. *Id.* at 4.

The court finds it has jurisdiction over this case as the ICIS has not acted upon plaintiff's application within 120 days of the examination (interview). 8 U.S.C. § 1447(b); *Khan v. Gonzales*, 2007 WL 1560321 (D. Neb. 2007) (denying defendant's motion to dismiss for lack of subject matter jurisdiction on basis that 120-day time period ran from time of interview). The court finds that remand is most appropriate for the same reasons expressed by other courts: utlization of court resources, deference to agency decisions,

4

and so forth. *See Gharbieh v. Chertoff*, 2007 WL 1584203 *2 (E.D. Mich. 2007). Accordingly, the court will remand this case with instructions that defendants are to decide plaintiff's application as soon as possible. However, if the FBI has not completed the fingerprint check within 60 days and if the decision on plaintiff's application is not made within that same 60-day time period, the government must appear on **September 13, 2007, at 1:00 p.m.,** to show cause why this court should not immediately determine plaintiff's naturalization application. The case will be held in abeyance until such time as the FBI completes the fingerprint check and the defendants provide evidence to the court that plaintiff's application has been determined, or until the show cause hearing, whichever occurs first.

    IT IS ORDERED:

    1. Defendants' motion to dismiss for lack of subject matter jurisdiction, Filing No. 17, is denied.

    2. This case is remanded to the defendants with instructions to make a final decision on plaintiff's application as soon as possible.

    3. This case will be held in abeyance until such time as the defendants determine the application of the plaintiff.

    4. This case is scheduled for a **show cause hearing on September 13, 2007, at 1:00 p.m., Courtroom No. 3,** Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

    DATED this 12th day of June, 2007.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              Chief United States District Judge